UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| JAMES A. KNAUER, CHAPTER 11 | ) | |
| TRUSTEE OF EASTERN LIVESTOCK CO., | ) | |
| LLC | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. |
| | ) | |
| v. | ) | |
| | ) | |
| CHAD SCHUCHMANN d/b/a | ) | |
| SCHUCHMANN TRANSPORT d/b/a | ) | |
| SCHUCHMANN FARM, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

James A. Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC, by counsel, for his complaint against Chad Schuchmann d/b/a Schuchmann Transport d/b/a Schuchmann Farm, states as follows:

### Jurisdiction and Parties

1.      The above-captioned adversary proceeding (the "Adversary Proceeding") arises in and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is currently pending under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court").

2.     This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3.     This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4.     This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), (e), (f), and (h).

5.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(b).

6.     Pursuant to S.D. Ind. B-7008-1, the Trustee hereby consents to entry of final orders or judgments by the Bankruptcy Judge.

7.     Eastern Livestock Co., LLC ("ELC" or "Debtor") was one of the largest cattle dealers in the United States, with operations and assets located in at least eleven states.  ELC was headquartered in New Albany, Indiana, with branch locations across several states.

8.     Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010 (the "Petition Date"), by filing an involuntary petition for relief under the Bankruptcy Code.  The Bankruptcy Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

9.     On December 28, 2010, James A. Knauer ("Plaintiff" or "Trustee") was appointed as the Chapter 11 Trustee for ELC.

10.    Defendant Chad Schuchmann d/b/a Schuchmann Transport d/b/a Schuchmann Farm is a Missouri resident, residing at 1912 Winged Foot Drive, Nixa, Missouri 65714 ("Schuchmann", "Schuchmann Transport", or "Defendant").

11.     Schuchmann is a "person" as defined in Section 101(41) of the Bankruptcy Code residing in and/or conducting business in the United States.

12.     At all relevant times material hereto, Schuchmann did business under the names "Schuchmann Transport" and "Schuchmann Farm."

13.     At all relevant times material hereto, Schuchmann was the branch manager of ELC Branch 28 located in Bois d'Arc, Missouri and was also a vendor, supplier, customer or otherwise maintained a business relationship with ELC or its affiliates.

14.     Defendant is an insider within the meaning of Section 101(31) of the Bankruptcy Code.

**175K Note**

15.     On or about October 1, 2005, Defendant executed and delivered to ELC a Promissory Note whereby Defendant promised to pay to ELC the original principal sum of $175,000.00 with interest thereon from the date of execution until paid at a rate of one percent (1.00%) above the Prime rate as published in the Wall Street Journal per annum ("175K Note").  A true and accurate copy of the 175K Note is attached hereto as Exhibit "A".

16.     The Trustee is entitled to enforce the payment of the 175K Note on behalf of the bankruptcy estate of ELC.

17.     The 175K Note is payable on demand pursuant to Indiana Code Section 26-1-3.1-108(a)(2), and the Trustee hereby demands payment of the 175K Note with interest.

18.     Pursuant to the demand, the 175K Note has matured and the entire 175K Note Balance (as defined below) is immediately due and payable.

19.     As of December 20, 2012, the amount due and owing to ELC under the 175K Note is as follows:

| | | |
|---|---|---|
| Current Principal: | $ | 175,000.00 |
| Accrued Interest: | $ | 45,150.00 |
| **TOTAL DUE:** | **$** | **220,150.00** |

plus all interest accruing after December 20, 2012, and all expenses and attorneys' fees incurred by the Trustee (the "175K Note Balance").

**450K Note**

20.     On or about August 25, 2010, Defendant executed and delivered to ELC a Promissory Note whereby Defendant promised to pay to ELC the original principal sum of $450,649.05 with interest thereon from the date of execution until paid at a rate of one percent (1.00%) above the prime rate per annum ("450K Note").  A true and accurate copy of the 450K Note is attached hereto as Exhibit "B".

21.     The Trustee is entitled to enforce the payment of the 450K Note on behalf of the bankruptcy estate of ELC.

22.     The 450K Note is payable "ON DEMAND", and the Trustee hereby demands payment of the 450K Note with interest.

23.     Pursuant to the demand, the 450K Note has matured and the entire 450K Note Balance (as defined below) is immediately due and payable.

24.     As of December 20, 2012, the amount due and owing to ELC under the 450K Note is as follows:

| | | |
|---|---|---|
| Current Principal: | $ | 450,649.05 |
| Accrued Interest: | $ | 45,114.97 |
| **TOTAL DUE:** | **$** | **495,764.02** |

plus all interest accruing after December 20, 2012, and all expenses and attorneys' fees incurred by the Trustee (the "450K Note Balance").

### 927K NOTE

25.     On or about July 30, 2009, Defendant executed and delivered to Shaw Breitsprecher and Breitsprecher Livestock (collectively "Breitsprecher") a Promissory Note whereby Defendant promised to pay to Breitsprecher the original principal sum of $922,597.45 with interest thereon from the date of execution until paid at a rate of one percent (1.00%) above the prime rate per annum ("922K Note"). A true and accurate copy of the 922K Note is attached hereto as Exhibit "C".

26.     On or about July 31, 2009, Breitsprecher assigned one hundred percent (100%) of his interest in the 922K Note to ELC. A true and accurate copy of the Assignment of the 922K Note to ELC is attached hereto as Exhibit "D".

27.     The Trustee is entitled to enforce the payment of the 922K Note on behalf of the bankruptcy estate of ELC.

28.     The 922K Note is payable "ON DEMAND", and the Trustee hereby demands payment of the 922K Note with interest.

29.     Pursuant to the demand, the 922K Note has matured and the entire 922K Note Balance (as defined below) is immediately due and payable.

30.     As of December 20, 2012, the amount due and owing to ELC under the 922K Note is as follows:

| | |
|---|---|
| Current Principal: | $    922,597.45 |
| Accrued Interest: | $    134,949.09 |
| **TOTAL DUE:** | **$  1,057,546.54** |

plus all interest accruing after December 20, 2012, and all expenses and attorneys' fees incurred by the Trustee (the "922K Note Balance").

**Transfers**

31.     On at least one occasion and/or from time to time and occurring within two years prior to the Petition Date, Schuchmann and Schuchmann doing business as Schuchmann Transport (i) sold one or more head of cattle to ELC or its affiliates either directly to ELC as the owner of the cattle or through the terms of a consigned sale, and (ii) provided other goods or services to ELC or its affiliates.

32.     Section 101(54) of the Bankruptcy Code applicable to this Adversary Proceeding defines "transfer" as, "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption."

33.     Plaintiff is informed and believes and, based thereon, alleges that ELC made transfers of property to Defendant, individually and doing business as Schuchmann Transport, or caused to be made transfers of property of ELC by a third party to Defendant, individually and doing business as Schuchmann Transport, on or within one year before the Petition Date, that is between December 6, 2009 and December 6, 2010, inclusive, in the aggregate sum of no less than $272,726.90 (the "One Year Transfers").  Applicable One Year Transfers to Schuchmann are reflected on Exhibit "E" attached hereto and made part hereof, and as such exhibit may hereafter be

amended, supplemented, or replaced to include additional One Year Transfers. Applicable One Year Transfers to Schuchmann Transport are reflected on Exhibit "F" attached hereto and made part hereof, and as such exhibit may hereafter be amended, supplemented, or replaced to include additional One Year Transfers.

34.     Plaintiff is informed and believes and, based thereon, alleges that ELC made transfers of property to Defendant, individually and doing business as Schuchmann Transport, or caused to be made transfers of property of ELC by a third party to Defendant, individually and doing business as Schuchmann Transport, on or within two years before the Petition Date, that is between December 6, 2008 and December 6, 2010, inclusive, in the aggregate sum of no less than $288,939.97 (the "Transfers").  Applicable Transfers to Schuchmann are reflected on Exhibit "E" attached hereto and made part hereof, and as such exhibit may hereafter be amended, supplemented, or replaced to include additional Transfers made within the two year period prior to the Petition Date.  Applicable Transfers to Schuchmann Transport are reflected on Exhibit "F" attached hereto and made part hereof, and as such exhibit may hereafter be amended, supplemented, or replaced to include additional Transfers made within the two year period prior to the Petition Date.

35.     The Transfers are not subject to the defenses to the avoidance of the Transfers as set forth in 11 U.S.C. § 547 (c).

36.     The Transfers to Defendant were transfers of interests of ELC's property.

37.     Plaintiff is informed and believes and, based thereon, alleges that the Transfers were made to the Defendant while ELC was insolvent.

## COUNT I – COMPLAINT ON 175K NOTE

38.     The Trustee incorporates the preceding paragraphs by reference.

39.     Defendant is in default of payment of the 175K Note for failure to pay upon demand as described above.

40.     The Trustee demands immediate payment in full.

41.     Defendant has failed or neglected to pay the indebtedness as evidenced by the 175K Note.

42.      As a result of Defendant's default, ELC has suffered damages.

## COUNT II – COMPLAINT ON 450K NOTE

43.     The Trustee incorporates the preceding paragraphs by reference.

44.     Defendant is in default of payment of the 450K Note for failure to pay upon demand as described above.

45.     The Trustee demands immediate payment in full.

46.     Defendant has failed or neglected to pay the indebtedness as evidenced by the 450K Note.

47.     As a result of Defendant's default, ELC has suffered damages.

## COUNT III – COMPLAINT ON 922K NOTE

48.     The Trustee incorporates the preceding paragraphs by reference.

49.     Defendant is in default of payment of the 922K Note for failure to pay upon demand as described above.

50.     The Trustee demands immediate payment in full.

51.     Defendant has failed or neglected to pay the indebtedness as evidenced by the 922K Note.

52.     As a result of Defendant's default, ELC has suffered damages.

## COUNT IV – AVOIDANCE OF TRANSFERS AS PREFERENTIAL TRANSFERS (11 U.S.C. § 547(b))

53.     The Trustee incorporates the preceding paragraphs by reference.

54.     Plaintiff is informed and believes and, based thereon, alleges that the One Year Transfers were made to Defendant for the benefit of Defendant, who was an "Insider" and a creditor of Debtor at the time of the One Year Transfers, respectively, as the term creditor is defined by Section 101(10) of the Bankruptcy Code.

55.     Plaintiff is informed and believes and, based thereon, alleges that the One Year Transfers were transfers of interests of the Debtor in property.

56.     Plaintiff is informed and believes and, based thereon, alleges that the One Year Transfers were made for or on account of one or more antecedent debts owed by the Debtor to Defendant prior to the date on which the One Year Transfers respectively were made.

57.     At the time of each of the One Year Transfers, Defendant had a right to payment on account of an obligation owed to the Defendant by the Debtor.

58.     As of the Petition Date, Plaintiff is informed and believes, and based thereon, alleges the One Year Transfers were made while ELC was insolvent because the value of ELC's assets at a fair valuation was less than the sum of its debts.  As a result of the One Year Transfers, the Defendant received more than he would have received if (a) the Debtor's bankruptcy case was a case under Chapter 7 of the Bankruptcy Code; (b) the respective One Year Transfers had not been made; and (c)

Defendant had received payment on such debt owed to him by Debtor to the extent provided by Chapter 7 of the Bankruptcy Code.

59.     Plaintiff is entitled to an order and judgment under Section 547(b) of the Bankruptcy Code avoiding the One Year Transfers.

## COUNT V – AVOIDANCE OF TRANSFERS AS FRAUDULENT TRANSFERS (11 U.S.C. § 548(a)(1)(A))

60.     This Count V is in the alternative to Count IV.

61.      The Trustee incorporates the preceding paragraphs by reference.

62.     Plaintiff is informed and believes and, based thereon, alleges that the Debtor made the Transfers to the Defendant or caused the Transfers to be made to the Defendant with the actual intent to hinder, delay, or defraud on or more of Debtor's creditors.

63.     Plaintiff is entitled to avoid the Transfers and recover the value of the Transfers from Defendant under Sections 544 and 548(a)(1)(A) of the Bankruptcy Code.

## COUNT VI – AVOIDANCE OF TRANSFERS AS FRAUDULENT TRANSFERS (11 U.S.C. § 548(a)(1)(B))

64.     This Count VI is in the alternative to Counts IV and V.

65.     The Trustee incorporates the preceding paragraphs by reference.

66.     Under Section 548(a)(1)(B) of the Bankruptcy Code, the Plaintiff may avoid the value of Transfers made if the Debtor received less than reasonably equivalent value in exchange for the Transfers and Debtor (i) was insolvent at the time of the Transfers or became insolvent as a result of any of the Transfers, (ii) was engaged in business or a transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was unreasonably small

capital; (iii) intended to incur or believed that it would incur debts that would be beyond its ability to pay as they matured, or (iv) made such transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

67. ELC received less than reasonably equivalent value in exchange for the Transfers.

68. Debtor was insolvent on the date Defendant received each of the Transfers.

69. The Transfers were made within two (2) years of the Petition Date.

70. Plaintiff is entitled to avoid the Transfers and recover the value of the Transfers from Defendant under Section 548(a)(1)(B) of the Bankruptcy Code.

## COUNT VII – RECOVERY OF AVOIDED TRANSFERS (11 U.S.C. § 550)

71. The Trustee incorporates the preceding paragraphs by reference.

72. Plaintiff is informed and believes and, based thereon, alleges that the Plaintiff is entitled to avoid the Transfers under Sections 544, 547(b), 548(a)(1)(A), and 548(a)(1)(B) of the Bankruptcy Code, and recover for the benefit of the Debtor's estate, the proceeds or the value of the Transfers from Defendant or any immediate or mediate transferee of Defendant, or any of them, under Section 550(a)(1) of the Bankruptcy Code.

## COUNT VIII – DISALLOWANCE OF CLAIM PURSUANT TO 11 U.S.C. § 502(D)

73. The Trustee incorporates the preceding paragraphs by reference.

74. Plaintiff is informed and believes, and based thereon, alleges that Defendant has or may assert a claim against the Debtor's estate.

75.     Pursuant to Section 502 (d) of the Bankruptcy Code, Plaintiff requests that any claim asserted by Defendant be disallowed for the failure to repay the Transfers.

THEREFORE, the Plaintiff requests that the Bankruptcy Court enter judgment in its favor and against Defendant as follows:

### ON COUNT I

A.     Enter judgment against Defendant in the amount of the 175K Note Balance of $220,150.00 as of December 20, 2012, plus all additional accrued and accruing interest, charges and other fees and expenses, all as provided for under the 175K Note;

B.     Award the Trustee costs and attorneys' fees as provided in the 175K Note and by law;

### ON COUNT II

C.     Enter judgment against Defendant in the amount of the 455K Note Balance of $495,764.02 as of December 20, 2012, plus all additional accrued and accruing interest, charges and other fees and expenses, all as provided for under the 455K Note;

D.     Award the Trustee costs and attorneys' fees as provided in the 455K Note and by law;

### ON COUNT III

E.     Enter judgment against Defendant in the amount of the 922K Note Balance of $1,057,546.54 as of December 20, 2012, plus all additional accrued and accruing interest, charges and other fees and expenses, all as provided for under the 922K Note;

F.      Award the Trustee costs and attorneys' fees as provided in the 922K Note and by law;

### ON COUNTS IV, V, AND VI

G.      Declaring that the One Year Transfers (and any other transfers within the meaning of 11 U.S.C. § 101(54) discovered after the date of this Complaint and avoided) are avoided and set aside as preferences under Section 547 of the Bankruptcy Code, and/or that the Transfers (and any other transfers within the meaning of 11 U.S.C. § 101(54) discovered after the date of this Complaint and avoided) are avoided as fraudulent conveyances under Sections 544 and 548(a)(1)(A) and (B) of the Bankruptcy Code;

### ON COUNT VII

H.      Directing and ordering that the Defendant, or any immediate or mediate transferee of the Defendant, turn over to the Plaintiff the full sum of the proceeds or value of the Transfers (and any other avoided transfers discovered after the date of this Complaint) pursuant to Section 550 of the Bankruptcy Code;

I.      Awarding judgment against the Defendant and in favor of the Plaintiff in an amount not less than $288,939.97;

### ON COUNT VIII

J.      Disallowing any and all claims of the Defendant against the ELC bankruptcy estate under Section 502(d) of the Bankruptcy Code;

### ON ALL CLAIMS FOR RELIEF

K.      Pre-judgment interest at the maximum legal rate running from the time of the Transfers until the date of judgment herein;

L.    Post-judgment interest at the maximum legal rate running from the date of

judgment herein until the date the judgment is paid in full; and

M.    Fees and costs incurred by the Plaintiff in this suit;

N.    Such other and further relief as is necessary and proper.

Respectfully submitted,

KROGER, GARDIS & REGAS, LLP

By:___/s/ Jay P. Kennedy_____
Jay P. Kennedy, Attorney No. 5477-49
Amanda D. Stafford, Attorney No. 30869-49
Counsel for James A. Knauer, Trustee
111 Monument Circle, Suite 900
Indianapolis, Indiana  46204-5125
(317) 692-9000 Phone
(317) 777-7428 Fax